UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THELMA PAYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-02859-JMS-MJD |
| ) | |
| JAMES E. CAMPBELL, ) | |
| SAM ALEXANDER, ) | |
| J. HARMON, ) | |
| SPEEDWAY POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion to Dismiss. [Dkt. 11.] On November 1, 2019, Chief Judge Jane Magnus-Stinson designated the undersigned Magistrate Judge to "conduct any necessary hearings and issue a report and recommendation regarding the proper disposition of Defendants' Motion to Dismiss pursuant to 28 U.S.C. § 636(b)(1)(B)." [Dkt. 18.] For the reasons set forth below, the Magistrate Judge recommends Defendants' Motion to Dismiss [Dkt. 11] be **GRANTED** and all of Plaintiff's claims to be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I. Legal Standard**

To survive a Rule 12(b)(6) motion, a "complaint must 'state a claim to relief that is plausible on its face.'" *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929, (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

In applying these principles, a court construes the complaint in the light most favorable to the plaintiff. *Yeftich*, 722 F.3d at 915. The court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff, but the court "need not accept as true statements of law or unsupported conclusory factual allegations." *Id.* When the Court conducts a review of the instant motion, it must:

> consider not only the complaint itself, but also documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice. We also must consider additional facts set forth in [the plaintiff's] . . . briefs, so long as those facts are consistent with the pleadings.

*Phillips v. Prudential Ins. Co. of America*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (citations and internal quotation marks omitted).

## II. Background

The following facts are alleged in Plaintiff's Complaint. On February 9, 2017, Plaintiff was involved in a traffic collision with Derame Searcey ("Searcey"). [Dkt. 1 at 3.] Following the collision, Officer J. Harmon of the Speedway Police Department filed an "Indiana Officers Standard Crash Report" ("Crash Report") that included information provided by both drivers concerning the collision, in which Officer Harmon concluded the cause of the collision was due

to Plaintiff's[1] failure to yield.[2] [Dkt. 1-4 at 1.] When Officer Harmon requested proof of insurance from both parties, Searcey was unable to produce proof of insurance, but indicated that Chandedreya T. Harris owned the vehicle. [Dkt. 1 at 3.] When Harris arrived at the accident scene, she also failed to produce valid proof of insurance. [*Id.*] Officer Harmon nonetheless indicated in the Crash Report that Searcey was insured by American Family Insurance Company. [Dkt. 1-4 at 4.] The Crash Report also included an "EDIT" by Officer Harmon that noted Plaintiff had called him on February 15, 2017, and reported additional information to correct the original Crash Report.[3] [Dkt. 1-4 at 2.]

On May 1, 2017, Plaintiff received Searcey's Official Driver Records from the Indiana Bureau of Motor Vehicles ("BMV"), which indicated that not only was Searcey uninsured, but in

---

[1] The Crash Report attached to Plaintiff's Complaint identifies Plaintiff as Driver 1 and Searcey as Driver 2. [Dkt. 1-4 at 1.]

[2] Plaintiff asserts that Officer Harmon stated in his Crash Report that "Plaintiff was confused because she is elderly." [Dkt. 1 at 3.] As Defendants have correctly pointed out, the Crash Report contains no such reference to Plaintiff being "confused" or "elderly." [Dkt. 12 at 4.] Rather, the Crash Report simply contains information regarding the ages and dates of birth of both drivers. [Dkt. 1-4 at 3.]

[3] The Crash Report included an original narrative for Driver 1 as follows:

> Driver 1 stated that she was eastbound on W. 10th Street attempting to turn northbound onto Polco Street. She stated she was having trouble seeing where the turn onto Polco Street lead [sic]. She also said she wasn't going very fast as she was attempting to make the turn and see the roadway. She was not injured but her vehicle had to be towed from the scene due to damage to the passenger rear tire area.

[Dkt. 1-4 at 2.] On February 15, 2017, Plaintiff provided additional information to Officer Harmon as follows:

> EDIT: Driver 1 called this Officer on 2/15/17 and stated that she had a green left-turn arrow when the collision occurred. She stated she was in the left turn lane and when the green arrow illuminated she proceeded into the intersection. There were no witnesses to confirm who had the right-of-way. The only 3rd party on-scene only stopped to check for injuries and did not state he witnessed the crash.

[Dkt. 1-4 at 2.]

3

addition, his driver's license had been suspended at the time of the accident. [Dkt. 1-2 at 1.] The notice of suspension was dated May 22, 2016, and stated that Searcey's driver's license had been suspended through May 21, 2017 for repeated insurance violations. [Dkt. 1-1 at 1.]

On July 17, 2017, Plaintiff sent a letter addressed to the Speedway Police Department that stated, "[o]n February 9, 2017, an incorrect Police Report was recorded that did not include facts that it should have!" [Dkt. 1-3 at 1.] The letter further addressed the inaccuracies that were included in the Crash Report, Searcey's lack of driving privileges, and Plaintiff's demand that the inaccurate information in the Crash Report be changed. [*Id*.] Defendants refused to alter the Crash Report.

On July 11, 2019, Plaintiff appeared *pro se* and filed her Complaint in this Court. [Dkt. 1.] Plaintiff alleges that Defendants, acting under the color of state law, violated her due process rights and wrongfully discriminated against her based on her age.[4] [Dkt. 1.] Plaintiff asserted that she discovered that Defendants had allegedly violated her constitutional rights on May 1, 2017. [Dkt. 1 at 2.] Plaintiff further asserted that "the two (2) year statute of limitations begins to run from July 17, 2017, when Plaintiff found that Defendants would take no corrective action to resolve the matter." [Dkt. 1 at 2.]

---

[4] Plaintiff's Compliant asserts a claim for age discrimination, purportedly under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"). [Dkt. 1.] The Court notes that Title VII does not protect against age discrimination and, in any event, does not apply in this case, as it applies only in the employment context. In her Response Brief in Opposition to Defendants' Motion to Dismiss, [Dkt. 15], Plaintiff states that her age discrimination claim is an equal protection claim. [Dkt. 15 at 9.] Such a claim is brought pursuant to section 1983, and therefore, is subject to the same statute of limitations as Plaintiff's due process claim.

### III. Discussion

Defendants argue that Plaintiff's section 1983 claims are time-barred because they were filed outside of the two-year statute of limitations. The Court agrees.

Generally, a statute-of-limitations argument on a motion to dismiss is inappropriate because failure to satisfy the statute of limitations is an affirmative defense. Because a plaintiff need not anticipate or allege facts that would defeat affirmative defenses, a court typically cannot dismiss a complaint for failure to satisfy a statute of limitations; rather, it is an issue typically raised at the summary judgment stage. *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 688 (7th Cir. 2004). However, a plaintiff can plead themselves out of court if the allegations in the Complaint clearly establish all of the elements of an affirmative defense, including the defense that the action was filed after the statute of limitations period expired. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014); *see also Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) ("[W]hen the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing exception to the rule that complaints do not have to anticipate affirmative defenses to survive a motion to dismiss where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations.").

Section 1983[5] claims are subject to the statute of limitations for personal injury actions in the state in which the alleged injury occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985);

---

[5] 42 U.S.C. Section 1983 states in pertinent part:

*Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992).  The Supreme Court has further held that, in cases in which state law provides multiple statues of limitations for different types of personal injuries, the general or residual statute applies to § 1983 claims.  *Owens v. Okure*, 488 U.S. 235, 249-50 (1989).  Indiana's personal injury statute of limitations is two years.[6]  *See* Ind. Code Ann. § 34-11-2-4.  Here, Plaintiff filed her Complaint on July 11, 2019.  Thus, Plaintiff's § 1983 claims would have to have accrued on or after July 11, 2017 to be timely.

Plaintiff urges the Court to find that her cause of action did not accrue until July 17, 2017, when Plaintiff sent the letter of grievance to Defendants to correct the inaccurate information on the Crash Report.  On the other hand, Defendants contend that the "facts pleaded or incorporated into the complaint show that [Plaintiff] knew or had reason to know the [crash] report contained inaccurate statements well before [May 1, 2017]."  [Dkt. 12 at 8.]

While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of action.  *Id.*  A claim accrues for § 1983 purposes "'when the plaintiff knows or should know that his or her constitutional rights have been violated.'"  *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (quoting *Wilson*, 956 F.2d at 740) (internal quotation marks omitted).  This inquiry proceeds in two steps.  First, the court must identify the injury.  Next, it must determine the date on which the plaintiff could have sued for that injury.

---

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other property proceeding for redress . . .

[6] The Court notes the parties agree that the applicable statute of limitations is the two-year statute of limitations for personal injury claims in Indiana.

"That date should coincide with the date the plaintiff 'knows or should have known' that his rights were violated." *Id.* (internal quotation marks omitted).

In this case, Plaintiff's Complaint and her Response to the Motion to Dismiss indicate that Plaintiff knew or should have known that she suffered the injury about which she complains by no later than May 1, 2017. [*See* Dkt. 1 at 2 & Dkt. 15 at 6.] Plaintiff alleged that neither Searcey nor Harris produced proof of insurance to Officer Harmon after the collision. [Dkt. 1 at 3.] Plaintiff further alleged that after a "due diligence" BMV search of Searcey's records, she discovered on May 1, 2017, that Searcey had suspended driving privileges and lacked insurance on the day of the accident. [Dkt. 15 at 6.] The facts establish that the alleged constitutional claims by Plaintiff should have been apparent to her at least some time in February 2017, after she received the Crash Report, and that by May 1, 2017,[7] Plaintiff had clear notice regarding her alleged constitutional injuries. Thus, Plaintiff was aware of the injuries that would trigger the statute of limitations for purposes of § 1983 by May 1, 2017, at the latest, when Plaintiff received the BMV records indicating the inaccuracies in the Crash Report, not when Plaintiff sent the letter requesting that Defendants correct the Crash Report.

---

[7] Plaintiff asserted in her Complaint that "through due diligence, the Constitutional violation by Defendants, was not discovered until May 1,2017." [Dkt. 1 at 2.] The Court notes that even if Plaintiff had discovered these constitutional violations on May 1, 2017, the instant action, commenced on July 11, 2019, and would still be time-barred.

Plaintiff further argues that her letter to Defendants was sent pursuant to Indiana Code § 4-15-2-35,[8] which she claims, must be "construed as a formal [g]rievance" process.[9] [*See* Dkt. 15 at 7.] This statute only applies to state employees, which she is clearly not. Plaintiff further argues that she had to exhaust her administrative remedies[10] first, before filing her Complaint with the Court. [*Id.*] Defendants contend that "there is no formal process by which [Plaintiff] could appeal or dispute the content of the [crash] report." [Dkt. 12 at 10.] The Court agrees. Plaintiff's cause of action was not subject to any type of administrative proceeding, and Plaintiff's submission of a letter and a complaint to the Speedway Police Department does not amount to a prescribed grievance procedure or an administrative appeal. And, in any event, as Defendants correctly note, both the United States Supreme Court and the Seventh Circuit have held that "pursuit of administrative or state court remedies to challenge an adverse decision of a government entity does not toll the statute of limitations for a § 1983 claim." [*See* Dkt. 17 at 4 & Dkt. 12 at 9 (citing to *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Del. State College v. Ricks*, 449 U.S. 250 (1980); *Chardon v. Fernandez*, 454 U.S. 6 (1981)).] Rather, the

---

[8] The statute provides that "any state employee disciplined under this subsection is entitled to process an appeal of the disciplinary action under the procedure as set forth in IC 4-15-2-34 through IC 4-15-2-35.5." The Court notes that these sections were repealed in 2011, and a state employee's remedy is now codified in Indiana Code Section 4-15-2.2-42. In any event, the statute is inapplicable to Plaintiff's claims.

[9] Plaintiff cites to various examples of judicial review and remedies provided by several administrative agencies that governs adjudication under the Administrative Orders and Procedures Act ("AOPA") for violations of constitutional rights. *See* [Dkt. 15 at 7]. None of the examples that Plaintiff cites to are applicable to this case.

[10] Under Indiana Code 4-21.5-5-4, a prerequisite to filing for judicial review of an administrative agency is to "exhaust[ ] all administrative remedies available" within the purview of procedures set for that state agency concerning administrative decisions and their subsequent review. Ind. Code § 4-21.5-5-4.

limitations period begins to run when a reasonable person would believe she may have a cause of action. See *Arroyo v. United States*, 656 F.3d 663, 669 (7th Cir. 2011).

Plaintiff's failure to commence this action within the two-year statute of limitations period requires dismissal of this case. See *Tregenza v. Great Am. Cmmc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (noting that when a plaintiff "pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court"). Because the statute of limitations issue is dispositive to this case, the Court need not, and therefore does not, address the remaining grounds set forth in Defendants' motion to dismiss.

## IV. Conclusion

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that Defendants' Motion to Dismiss [Dkt. 11] be **GRANTED** and that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE.**

## Notice Regarding Objections

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated: 14 JAN 2020

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

THELMA PAYNE
1841 N. Goodlet Ave.
Indianapolis, IN 46222-4819

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com