UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THELMA PAYNE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | No. 1:19-cv-02859-JMS-MJD |
| ) | |
| JAMES E. CAMPBELL, ) | |
| SAM ALEXANDER, ) | |
| J. HARMON, and ) | |
| SPEEDWAY POLICE DEPARTMENT ) | |
| ) | |
| *Defendants*. ) | |

# ORDER

Plaintiff Thelma Payne filed her Complaint on July 11, 2019, alleging that Defendants violated her Constitutional rights. [Filing No. 1.] On September 30, 2019, Defendants filed a Motion to Dismiss, [Filing No. 11], which was referred to the Magistrate Judge, [Filing No. 18]. On January 14, 2020, the Magistrate Judge issued a Report and Recommendation pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), in which he recommended that the Court grant Defendants' Motion to Dismiss and that Ms. Payne's claims be dismissed with prejudice, [Filing No. 22]. Ms. Payne filed an Objection to Magistrate's Report and Recommendation on January 24, 2020, [Filing No. 23], which is now ripe for the Court's decision.

## I.
### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b), the Court may assign dispositive motions to a magistrate judge, and the magistrate may submit to the district judge a report and recommended disposition, including any proposed findings of fact. Fed. R. Civ. P. 72(b)(1). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes

1

the ultimate decision to adopt, reject, or modify it." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). After a magistrate judge makes a report and recommendation, either party may object within fourteen days. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). The district judge then "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Further, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). But the complaint "need not identify legal theories, and specifying an incorrect legal theory is not a fatal error." *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chi.*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz,*

673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

**A. The Complaint**

The facts, taken from the Complaint, are set forth in the Magistrate Judge's Report and Recommendation, and are accepted as true. Neither party objected to the Magistrate Judge's statement of facts, and the Court adopts those facts and summarizes them below.

On February 9, 2017, Ms. Payne was involved in a traffic collision with Derame Searcey. [Filing No. 1 at 3.] Officer J. Harmon of the Speedway Police Department ("SPD") completed an "Indiana Officers Standard Crash Report" (the "Crash Report") that included information provided by both drivers concerning the collision. [Filing No. 1-4 at 1.] Officer Harmon concluded that the cause of the collision was Ms. Payne's failure to yield. [Filing No. 1-4 at 1.] Officer Harmon erroneously documented in the Crash Report that Mr. Searcey was insured by American Family Insurance when, in fact, Mr. Searcey's license was suspended and he was uninsured. [Filing No. 1 at 3 (citing Filing No. 1-4).]

On May 1, 2017, Ms. Payne received Mr. Searcey's "Indiana Official Driver Record" (the "Driving Record"), from the Indiana Bureau of Motor Vehicles (the "BMV"), [Filing No. 1-2 at 1], which indicated that Mr. Searcey was uninsured and that his driver's license had been suspended on May 22, 2016 through May 21, 2017. [Filing No. 1-2 at 1.] On July 17, 2017, Ms. Payne sent a letter to the SPD stating that the Crash Report was recorded but "did not include the facts that it should have!" and demanding that the Crash Report be corrected [Filing No. 1-3 at 1; Filing No. 1 at 4.]

3

On July 11, 2019, Ms. Payne filed her Complaint in which she alleges that Defendants,[1] acting under the color of state law, violated her Constitutional rights and wrongfully discriminated against her based on her age.[2] She alleges that "through due diligence, the Constitutional violation[] by Defendants[] was not discovered until May 1, 2017." [Filing No. 1 at 2.] However, she alleges that "the two (2) year statute of limitations beg[an] to run from July 17, 2017, when Plaintiff found that Defendants would take no corrective action to resolve the matter." [Filing No. 1 at 2.]

### B. Defendants' Motion to Dismiss

In their Motion to Dismiss, Defendants argue that Ms. Payne's Complaint was not filed within the two-year statute of limitations. [Filing No. 12 at 6.] They argue that a section 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the claim. [Filing No. 12 at 6 (citing Regains v. City of Chicago, 918 F.3d 529, 533 (7th Cir. 2019)).] Defendants contend that Ms. Payne's Complaint establishes that she learned of the alleged constitutional violation no later than May 1, 2017, but she did not file her Complaint until July 11, 2019. [Filing No. 12 at 7 (citing Filing No. 1).] Therefore, they argue, Ms. Payne has pleaded herself out of Court and her Complaint should be dismissed. [Filing No. 12 at 7.]

---

[1] James. E. Campbell is the Chief of the Speedway Police Department and Sam Alexander is a Lieutenant with the Speedway Police Department. [Filing No. 1 at 5.]

[2] As noted in the Magistrate Judge's Report and Recommendation, Ms. Payne attempts to assert her claim for age discrimination under Title VII of the Civil Rights Act of 1964. [Filing No. 1.] However, Title VII does not protect against age discrimination, and regardless, does not apply in this case because it applies only in the employment context. In her Response to Defendants' Motion to Dismiss, Ms. Payne states that the age discrimination claim is an equal protection claim. [Filing No. 15 at 9.] That claim is therefore brought pursuant to 42 U.S.C. § 1983.

Ms. Payne responds that she was required to exhaust her administrative remedies before seeking judicial review. [Filing No. 15 at 7.] She asserts that she "filed grievances in the form of a letter to Chief Campbell on July 17, 201[7] and a subsequent Internal Affairs complaint." [Filing No. 15 at 7.] She asserts that the statute of limitations began when the Chief Campbell failed to respond to that letter, and therefore the Complaint was timely. [Filing No. 15 at 8.]

Defendants reply by reiterating many of their arguments. Additionally, they argue that there were no administrative remedies for her to exhaust, and that even if there were, those administrative remedies would not toll the statute of limitations. [Filing No. 17 at 4.] They also argue that the Due Process Clause does not entitle Ms. Payne to an accurate crash report and that Defendants are entitled to qualified immunity. [Filing No. 17 at 6-10.]

### C. The Magistrate Judge's Report and Recommendation

In his Report and Recommendation, the Magistrate Judge found that Ms. Payne's "section 1983 claims are time-barred because they were filed outside of the two-year statute of limitations."[3] [Filing No. 22 at 5.] He found that Ms. Payne knew or should have known that she suffered the injury about which she complains on or before May 1, 2017, the date she received Mr. Searcey's BMV records. [Filing No. 22 at 7 (citing Filing No. 1 at 2; Filing No. 15 at 6).] The Magistrate Judge stated "[t]he facts establish that the alleged constitutional claims by Plaintiff should have been apparent to her at least some time in February 2017, after she received the Crash Report, and that by May 1, 2017, Plaintiff had clear notice regarding her constitutional injuries." [Filing No. 22 at 7 (internal footnote omitted).] Therefore, the Magistrate Judge concluded, Ms.

---

[3] The Magistrate Judge noted that both parties agree that the applicable statute of limitations in this case is the two-year statute of limitations for personal injury claims in Indiana. [Filing No. 22 at 6 n.6.]

5

Payne failed "to commence this action within the two-year statute of limitations period" and dismissal is appropriate.

### III.
#### DISCUSSION

In her Objection to the Magistrate's Report and Recommendation, Ms. Payne argues that "[t]hrough due diligence it was not discovered until May 17, 2017 when proof from the [BMV] was furnished [to] Plaintiff that Dermain (sic) Searcey had no vehicle insurance or license to drive. . . . Once found out[,] Plaintiff immediately brought her grievances to Chief Campbell and thereafter Internal Affairs in accordance with Indiana law governing exhaustion of administrative remedies. Both were completely ignored." [Filing No. 23 at 1-2.] Ms. Payne argues that the doctrine of exhaustion of administrative remedies required her to challenge an agency decision by first pursuing the agency's administrative remedies before seeking judicial review. [Filing No. 23 at 2.] She argues that to the extent she incorrectly cited a statute applicable only to state agencies rather than municipalities, she is proceeding *pro se* and therefore the Court must liberally construe her submissions to the Court. [Filing No. 23 at 2.]

Defendants respond that the Magistrate Judge properly rejected Ms. Payne's argument that her claim did not accrue until she exhausted administrative remedies. [Filing No. 24 at 2.] They argue that there were no administrative remedies to exhaust, and that even if there were, the existence of those administrative remedies would not toll the statute of limitations. [Filing No. 24 at 4.]

Ms. Payne replies that "in this case[,] there should be no time limit for the truth, especially to clear up a false representation by law enforcement on an official report that allowed fraud." [Filing No. 25 at 1.] She argues that most police departments have grievance procedures for

citizens to file claims and Defendants' claim that they do not have a grievance procedure is "a ridiculous concept." [Filing No. 25 at 1.]

Generally, "a statute of limitations defense is not normally a part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)," *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011), but such a defense "is appropriate where 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations,'" *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

Statutes of limitations are designed to "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.  The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Stephan v. Goldinger*, 325 F.3d 874, 876 (7th Cir. 2003) (quoting *Order of Ry. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342, 348-49 (1944)).  The Magistrate Judge noted that the parties agree that the applicable statute of limitations was two years and that it required Ms. Payne to file her claim no later May 1, 2019. [Filing No. 22 at 6.]  However, Ms. Payne filed her Complaint on July 11, 2019. [Filing No. 22 at 3 (citing Filing No. 1).]  Ms. Payne's sole objection to the Magistrate Judge's Report and Recommendation is that he failed to account for her obligation to exhaust administrative remedies.  However, Ms. Payne has not pointed the Court to any administrative remedy that she was legally required to have exhausted, nor is there any such administrative remedy.  [*See* Filing No. 23.]  The Court recognizes that Ms. Payne is proceeding *pro se*, but

7

construing her submissions liberally[4] does not enable the Court to ignore the statute of limitations. Therefore, the Court finds that Ms. Payne's claims under section 1983 are untimely and must be dismissed. Accordingly, Ms. Payne's Objection is **OVERRULED**.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Ms. Payne's Objection,[23], adopts Magistrate Judge Dinsmore's Report and Recommendation, [22], **GRANTS** Defendants Motion to Dismiss, [11], and **DISMISSES WITH PREJUDICE** Ms. Payne's Complaint. Final Judgement shall issue accordingly.

Date: 5/15/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail to:**

**Thelma Payne**
1841 N. Goodlet Ave.
Indianapolis, IN 46222

---

[4] As Defendants point out, the Magistrate Judge construed Ms. Payne's Complaint liberally, as evidenced by the discussion of her age discrimination claim. [*See* Filing No. 22 at 4 n.4.]

8

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com